MICHAEL L. FRADIN (Ohio Bar # 0091739)
mike@fradinlaw.com
LAW OFFICE OF MICHAEL L. FRADIN
8401 Crawford Avenue, Suite 104
Skokie, Illinois 60076
Telephone: 847/644-3425
Facsimile: 847/673-1228

Attorney for Plaintiffs and Putative Classes

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| NEIL ROSENBOHM; individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>CELLCO PARTNERSHIP, a Delaware Corporation<br>        Defendant. | Case No. ----------------<br><br>**FLSA Collective Action**<br><br>1. **THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201-219, C.F.R. § 531.35);**<br><br>**FRCP 23 Class Action (State-Law Claim)**<br><br>2. **Article II, §34a of the Ohio Constitution**<br><br>**Individual Action**<br><br>3. **THE ANTI-RETALIATION PROVISION OF THE FLSA (29 U.S.C. § 215).**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff, Neil Rosenbohm, by and through his undersigned attorneys, brings this action on behalf of himself and all other similarly situated, against defendant, Cellco Partnership ("Cellco" or "Defendant" or "Verizon"), and alleges as follows:

**I.**    **INTRODUCTION**

2. Plaintiff brings this case against Cellco Partnership, a corporation that does business as Verizon Wireless, for willfully violating the Fair Labor Standards Act ("FLSA") and Ohio labor laws.

**COMPLAINT**

Plaintiff brings the FLSA as a nationwide collective action to seek past-due wages and an equivalent amount in liquidated damages for putative class members who opt in. Plaintiffs also bring supplemental state-law claims to recover broader remedies unavailable in FLSA actions and will seek to certify those state-law claims pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). It is well-settled that Rule 23 class actions can be combined (i.e., coexist) with collective actions brought under the FLSA. *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-79 (7th Cir. 2011).

3. In addition to the wage and hour violations, Plaintiff brings a claim against Defendant for violating the FLSA's anti-retaliation provision protecting employees who assert their rights under the FLSA. 29 U.S.C. § 215(a). The purpose of the provision is to prevent fear of economic retaliation by forcing workers to quietly accept substandard conditions. The anti-retaliation provision under the FLSA protects oral as well as written complaints. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325 (2011). Verizon retaliated against and eventually discharged Plaintiff after he made numerous complaints to management, including but not limited to Heather Fullerton, about wage theft. Specifically, Plaintiff repeatedly complained to Heather Fullerton about repeatedly having to clock out and wait for other employees to finish up their work and lock the inventory room.

///

## II. THE PARTIES

### A. Plaintiff

4. Plaintiff is a resident of the State of West Virginia and was employed by Defendant as a Solution Specialist from August, 2013 until January 22, 2017. Plaintiff worked at the Pacific Guardian Tower location, 1440 Kapiolani Blvd. #100, Honolulu, Hawaii from approximately August, 2013 until September, 2014. Plaintiff worked at the 2504 Murdoch Ave., Parkesburg, West Virginia location from approximately September, 2014 until May, 2015. Plaintiff worked at the Marietta, Ohio location from approximately May, 2015 until January, 2017. The proposed classes are other similarly situated job titles which, like Plaintiff, is subordinate to positions of management. Plaintiff was retaliated against by Defendant (in violation of the FLSA) and was discharged in January, 2017.

### C. The Plaintiff in General

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

5. Plaintiff will serve as an adequate, typical and active participant and class representative for the proposed FLSA Class, and the Ohio Class under Rule 23. Plaintiff and the putative classes share the same titles, duties, and were equally affected by Defendant's illegal wage practices. Defendant has actual and constructive knowledge that Plaintiff and the putative class were performing work—every day and every workweek—for which they were not paid the minimum wage. Defendant has actual and constructive knowledge that Plaintiff and the putative class was working more than 8 hours a day, more than 40 hours a week on a more than infrequent basis but was not paid one and a half times the regular rate of pay. Likewise, Defendant has actual and constructive knowledge that Plaintiff and the putative class were required to work off the clock and perform activities in which they were not paid a wage.

6. Plaintiff has consented to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256. A Consent to Join Form for Plaintiff is attached as exhibit A.

**D.      Defendant**

7. Cellco Partnership is an American multinational telecommunications conglomerate and the largest U.S. wireless communications service provider as of September 2015. The company is based at 1095 Avenue of the Americas in Midtown Manhattan, New York City but is incorporated in Delaware. Defendant owns and operates stores throughout the United States and employed Plaintiff and thousands of other Solution Specialists and similarly situated employees who are subordinate to management.

///

**III.     JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in Plaintiffs' proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims derive from the same common conduct that led to violations of the FLSA; that

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

is, the FLSA and Ohio claims all derive from the same common nucleus of operative facts. 28 U.S.C. § 1367.

9. Jurisdiction and venue as to Defendants are proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 216(b) of the FLSA, 29 U.S.C. § 216(b).

///

IV. **FACTUAL ALLEGATIONS**

    A. **Cellco Partnership**

10. Cellco Partnership is an American multinational telecommunications conglomerate and the largest U.S. wireless communications service provider as of September 2014. The company is based at One Verizon Way, Basking Ridge, New Jersey, but is incorporated in Delaware. As of April, 2017, Cellco Partnership DBA Verizon Wireless was the largest wireless telecommunications provider in the United States. Defendant has engaged in employment practices that amount to wage theft from its employees who are employed at Verizon store locations across the United States. Defendant has intentionally engaged in a deceitful scheme to not pay Solution Specialists (and other similarly situated employees who are subordinate to managers) for work performed at the end of closing shifts after employees had clocked out, resulting in Solution Specialists and other similarly situated employees performing substantial work for which they were not paid.

11. Defendant has instituted and enforced a security policy which requires employees (including managers) to leave the store at the end of the night in groups.

12. Defendant requires employees to clock in and out on iPads located in the store. Prior to the employees logging out on IPads as they do now, the Defendant employed a method of closing that did not require off-the-clock work. Before the employees clocked out on iPads, there was a Samsung tablet located at the entrance/exit of the store, so as employees entered and exited the store for their shifts, they clocked in and out. Using this method, their hours would be accurately represented and their pay properly reflected the hours the employees actually spent in the store working.

13. However, in the last two to three years, Defendant changed the company policy. The Samsung

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT

tablets that were once located at the entrance/exit of the Verizon store locations were replaced with individual iPads that are now kept locked in an inventory room that only the managers can access. Defendant has also instituted a policy which requires Solution Specialists and other similarly situated employees to clock out prior to completing all of their required tasks and closing procedures. In addition to these closing tasks, Solution Specialists and other similarly situated employees also have to wait for the on-duty manager to complete his/her end closing tasks before leaving the store. This series of tasks is not de minimis and usually amounts to 15 to 20 minutes of uncompensated labor for Solution Specialists and other similarly situated employees at the end of the work day.

14. The closing tasks that Solution Specialists and other similarly situated employees are required to do off-the-clock at the end of shifts include (but are not limited to):

    (a) Straightening up the store;

    (b) Preparing a checklist for the next day;

    (c) Cleaning the store's office;

    (d) Logging out of workstations;

    (e) Ensuring workstations are cleaned;

    (f) Sending out nightly sale numbers to the district manager;

    (g) Waiting for another representative who was with a customer;

    (h) And setting store alarms.

15. The Plaintiff and the similarly situated employees would clock out on the IPads before the IPads were locked in the inventory room. After locking the IPads in the inventory room, managers calculate the daily number and send them to their supervisors. During this time, the employees often have to be involved in tasks, including but not limited to cleaning, checking the front of the store, or waiting on a person in the restroom,

16. Defendant also requires Solution Specialists and other similarly situated employees to participate in yearly online training courses of considerable length that are unpaid, also in violation of the Fair Labor Standards Act and state law.

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

**B.    Defendant failed to maintain accurate records of all hours worked and total overtime hours worked**

17. Defendant willfully and continually forced its Solution Specialists to perform various tasks and forms of labor without being clocked in. This means that the records of hours worked kept by Verizon store locations do not reflect the actual amount of hours (and overtime hours) worked by Solution Specialists and other similarly situated employees. These records are critical for an employer to ensure that they are fully paying their employees, "failure to keep accurate records can obscure a multitude of minimum wage and overtime violations." See *Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603 (5th Cir. 1966). Defendant intentionally engaged in a uniform practice of not recording hours worked by Solution Specialists and other similarly situated employees which resulted in Plaintiffs not being paid for all hours worked and not being paid for one and a half times their regular wage for overtime work.

**C.    Defendant did not pay Solution Specialists and other similarly situated employees for Each and Every Hour of Work**

18. Defendant failed to compensate their employees, namely their Solution Specialists and other similarly situated employees, for all hours worked at Verizon store locations. Defendant continuously did not allow Solution Specialists and other similarly situated employees to record work hours and be clocked in for the last 15 to 20 minutes of closing shifts. This led to employees at Verizon store locations being forced to regularly work an hour or more per week without compensation.  Defendant required its Solution Specialists and other similarly situated employees to clock out prior to completing various closing procedures and related tasks. Additionally, a company security policy requires employees leave in groups when the store is closed. Solution Specialists and other similarly situated employees were required to clock out and perform these closing tasks after clocking out and were not allowed to leave until the on-duty manager was leaving. This combination of tasks often took up to twenty minutes and was routinely done off the clock for no compensation. Solution Specialists and other similarly situated employees were forced to do this uncompensated labor during all closing shifts. This requirement for spending

Page 6

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

extra time is mandated by policies published and enforced by Defendant as conditions to continued employment.

**D. Defendant did not pay Solution Specialists overtime for work performed in excess of 8 hours in a workday or more than 40 hours in a workweek.**

19. Solution Specialists and other similarly situated employees often worked over 40 hours in a workweek due to Defendant's company-wide lock out and closing policy. This time spent working overtime hours went unrecorded due to the Defendant's aforementioned company-wide policy that required Plaintiffs and other employees to clock out well before leaving the store premises.

**E. Defendant knew or should have known that Solution Specialists and other similarly situated employees were working uncompensated hours.**

20. Plaintiff is representative of employees at various Verizon store locations that have been subjected to the identical form of wage theft as described in this Complaint. Plaintiff brought his concerns regarding Solution Specialists being forced to work off-the- clock to his supervisors yet there was no change in company policy made in response to these complaints to ensure that Solution Specialists and other similarly situated employees were paid for all of the hours in which they worked at Verizon store locations.

21. Verizon willfully required Solution Specialists and similarly situated employees to remain at work without compensation. Verizon willfully violated and continues to violate FLSA by requiring its employees to perform significant and repeated work time off-the-clock.

**F. Facts common to all Class Members**

22. By design, the job duties of Solution Specialists are identical from region to region, district to district, facility to facility, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action. The same policies, procedures, employee handbooks, manuals, and compensation plan were distributed to the Solution Specialists and other similarly situated employees. As such, the policies, practices, and procedures are uniformly applied to the employees, which means that individual issues will not predominate, and in fact, all issues are systematically linked, related and

common, both in terms of facts and law. The extra time required by Solution Specialists and other similarly situated employees at the end of closing shifts is mandated by Defendant as a condition to the employee's continued employment. As of the filing date of this complaint, Defendant continues to use and enforce these policies, which blatantly violate the FLSA.

23. The policy for Solution Specialists and other similarly situated employees at Verizon store locations requires these staff to work uncompensated hours and overtime at the end of closing shifts in blatant violation of the FLSA.

24. Defendant did not keep accurate records of all the hours worked by Solution Specialists and other similarly situated employees by not allowing them to remain clocked in for the end of their shifts.

25. Defendant regularly, uniformly, and systematically failed to pay Solution Specialists and other similarly situated employees the minimum wage for each and every hour worked.

26. Defendant regularly, uniformly, and systematically required Solution Specialists and other similarly situated employees to work more than 8 hours in a day or more than 40 hours per week, but did not pay them overtime.

27. In light of the above allegations, the Solution Specialists and other similarly situated employees were not and have not been paid all wages due to them. Defendant's unlawful scheme has resulted in "wage theft." Plaintiff has brought this action to recover for himself, all Solution Specialists, and other similarly situated employees the wages pilfered by Defendant.

## V. <u>FLSA CLASS DEFINITIONS AND ALLEGATIONS</u>

28. Plaintiff brings the First Claim for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs bring the FLSA action on behalf of themselves and all members of the following the class (the "FLSA Class") comprised of:

**FLSA Class**

29. All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Solution Specialist" and all other similar nomenclature (including, but not limited to retail sales representatives, experience specialists, and other similar positions within the retail department performing substantially identical functions and/or duties, currently or formerly employed by

Page 8

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

Cellco Partnership in the United States who were not paid the minimum wage or overtime for all hours worked.

30. Plaintiff and the members of the FLSA Class are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Cellco Partnership's common practice, policy, or scheme of willfully and unlawfully deducting business losses and shortages from the employees' wages, and forcing them to work off the clock so that they will not earn minimum wage, incur a draw, or earn overtime.

31. The First Claim for Relief for violations of the FLSA may be brought and maintained as "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff's are similar to the claims of the members of the FLSA Class.

32. The names, addresses and telephone numbers of the members of the FLSA Class are available from Cellco Partnership and notice should be provided to the members of the FLSA Class via first class mail to their last address known as soon as possible

33. Plaintiff seeks to recover damages for the FLSA Class for the three years prior to the initial filing of this Complaint.

///

## VI. OHIO CLASS DEFINITIONS AND RULE 23 ALLEGIATIONS

34. Plaintiff brings the Claims for Relief for violation of Ohio Constitution as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs brings these on behalf of himself and all members of the following class (the "Ohio Class") comprised of:

    (a) Ohio Class – All current and former Solutions Specialists and other similarly situated employees (subordinate to management) including but not limited to retail sales representatives, solutions specialists, and experience specialists and all other similar positions in the retail department who worked at one of the Defendant's Verizon stores located in the state of Ohio at any time during the applicable limitations period covered by

the filing of this Complaint (three years prior to filing) up to and including the date of final judgment in this matter.

35. **Numerosity (Rule 23(a)(1))** – The potential quantity of members of the proposed Ohio Class as defined is so numerous that joinder of all members would be unfeasible and impractical. Plaintiff is informed and believes that the total number of current and formerly employed members of the Ohio Class number is in the thousands. The quantity and identity of such membership is readily ascertainable via inspection of the Defendant's employment and payroll records.

36. **Existence of Common Questions of Law and Fact (Rule 23(a)(2))** – There are common questions of law and fact as to the members of the Ohio Class which predominate over questions affecting only individual members which include, but are not limited to, the following:

   (a) Whether Defendant failed to keep accurate records of all hours worked and wages earned by members of the Ohio Class;

   (b) Whether Defendant failed to pay member of the Ohio Class the minimum wage in violation of Article II, §34a of the Ohio Constitution;

   (c) Whether the members of the Ohio Class are entitled to compensatory damages, and if so, the means of measuring such damages;

   (d) Whether the members of the Ohio Class are entitled to injunctive relief;

   (e) Whether the members of the Ohio Class are entitled to restitution;

   (f) Whether Defendant is liable to members of the Ohio Class for attorneys' fees and costs.

37. **Typicality (Rule 23(a)(3))** – The claims of Plaintiff are typical of the claims all members of the Ohio Class he seeks to represent because all members of the Ohio Class sustained injuries and damages arising out of Defendant's common scheme to maximize profits by skimming wages.

38. **Adequacy Rule (23(a)(4))** – Plaintiff is an adequate representative of the proposed Ohio Class he seeks to represent because he will fairly protect the interests of the members of the Ohio Class, he has no interests antagonistic to the members of the Ohio Class, and he will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

39. **Injunctive and Declaratory Relief (Rule 23(b)(2))** - Injunctive Relief is appropriate pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the members of the Ohio Class, so that final injunctive relief as requested herein is appropriate respecting the Ohio Class as a whole.

40. **Predominance and Superiority of Class Action (Rule 23(b)(3))** - The nature of this action and the nature of the laws available to members of the Ohio Class make the use of the class action format particularly efficient and the appropriate procedure to afford relief to them for the wrongs alleged herein, for the following reasons:

    (a) By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    (b) This case involves a large number of individual class members with many relatively small claims. If each individual member was required to file an individual lawsuit, the Defendants would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual class member with its vastly superior financial and legal resources;

    (c) Requiring each individual member to pursue an individual remedy would also discourage the assertion of lawful claims by class members, who would be disinclined to pursue action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

    (d) Proof of a common business practice to maximize profits through wage theft will provide the common proof to establish liability against Defendant;

    (e) Absent class treatment, the prosecution of separate actions by the individual members of the Ohio Class, even if possible, would likely create:

       i. A substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence; including expert testimony;

       ii. A multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

       iii. Inconsistent or varying verdicts or adjudications; and

       iv. Potentially incompatible standards of conduct for Verizon.

(f) The claims of the individual members of the Ohio Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

(g) Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

(h) Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

41. Finally, adjudicating this action on a class basis is appropriate because liability turns on Defendant's own uniform and systematic scheme to maximize profits by depriving its employees of wages, overtime wages, and forcing them to work off the clock. Class-wide liability can be determined through manageable devices of common proof such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and Defendant's common policies and practices. Once liability is determined, the damages suffered by each member can also be determined by the same common proof.

42. Plaintiff does not contemplate class notice if the Ohio Class is certified under Rule 23(b)(2), which does not require notice, and notice to the putative Class may be accomplished through publication, or other forms of distribution, if necessary, if the Class is certified under Rule 23(b)(3), or if the Court otherwise determines class notice is required. Plaintiffs will, if notice is so required, confer

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

with Defendants and seek to present the Court with a stipulation and proposed order on the details of a class notice program.

43. Defendant is the owner, principal shareholder, or controlling member of all Verizon stores in Ohio.

44. At all relevant times, Defendant has continuously been an employer of multiple employees engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

45. Plaintiff was employed as a Solution Specialist at ()…

46. Defendant failed to pay Plaintiff and other similarly situated employees the minimum wage for each and every hour worked at Verizon store locations. Defendant required Plaintiff and other similarly situated employees to consistently work for approximately 15 to 20 minutes at the end of the business day *after* clocking out.

47. Defendant's nationwide policy requires employees to leave in groups at the end of the day. This means at the end of the business day Solution Specialists (and other similarly situated employees who are subordinate to management) leave with their manager. Defendant has purposefully created a situation in which management-subordinate employees clock out but are then forced to engage in various "closing procedures" and wait for the manager to lock up.

48. This off-the-clock labor that Solution Specialists and other similarly situated employees are forced to engage in amounts to wage theft because employees are not clocked in or paid for this time.

49. This practice has resulted in wage theft of not just employees' normal wages, but also potential overtime these employees would have been entitled to insofar as this off-the-clock labor would have resulted in some employees working hours beyond a 40-hour workweek.

///

VII. **CLAIMS FOR RELIEF**

    A. **Count 1 – Violations of the Fair Labor Standard Act (Minimum Wage and Overtime, On Behalf of Himself and the Class)**

50. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT

51. At all relevant times, Defendant was an employer engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed "employee[s]," including Plaintiffs and each member of the FLSA Class. Attached hereto are the Consent to Join Forms signed by Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

52. The FLSA is the nation's basic law governing wages and hours of work, sets the minimum wage and contains standards as to when employers must pay overtime. Code of Federal Regulations § 531.35 provides that employers must pay all statutorily-required minimum wage and overtime premium finally and unconditionally, or "free and clear." The FLSA requires each covered employer such as Defendant, to compensate all nonexempt employees at a rate of not less than the federal minimum wage during the FLSA Class Period. The FLSA also requires each covered employer, such as Defendant, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

53. Cellco Partnership is a large and sophisticated corporation and should have known the requirements of the FLSA or, at least through reasonable research or investigation or communication with their corporate counsel or legal department, that their pay practices violated the FLSA. Defendant clearly has the resources to determine whether they are in compliance with the FLSA, but continued the illegal scheme due to profits, instead of considering the welfare of its employees. That is, Defendant made a rational decision, based on a cost/benefit analysis that it was more profitable to continue with the scheme, instead of changing the scheme to comply with the law. Therefore, Defendant willfully, voluntarily, deliberately and intentionally violated the FLSA and did not have a "good faith" belief they were in compliance with the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the 29 U.S.C. § 255(a).

54. By failing to pay Plaintiff and the members of the FLSA Class, at a rate not less than the minimum wage, Defendant violated the FLSA, 29 U.S.C. § 206. By failing to compensate Plaintiff and the

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

members of the FLSA Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a). By failing to record, report, and/or preserve records of hours worked by Plaintiff and the members of the FLSA Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 211(c) and 215(a).

55. Plaintiff and the members of the FLSA Class are entitled to past-due wages, an equivalent amount in liquidated damages, costs, and attorneys' fees, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**B.     Count 2 – Violation of the Fair Labor Standard Act, Unpaid Wages (On Behalf of Themselves and the Class)**

56. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

57. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendant employed, and/or continues to employ Plaintiff and each of the Class Members within the meaning of the FLSA.

59. At all relevant times, Defendant had a uniform policy and practice of knowingly requiring Plaintiff and Class Members to work off-the-clock without compensation.

60. Defendant's policy and practice of requiring Solution Specialists and other similarly situated employees to clock out prior to completing their end-of-day closing procedures led to Plaintiff and Class Members working off the clock without compensation.

61. Defendant failed to pay Plaintiff and Class Members wages for off-the-clock work.

62. Defendant's conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Due to Defendant's FLSA violations, Plaintiff and the Class Members were damaged and are

entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

C. **Count 3 – Violation of Article II, §34A of the Ohio Constitution (On Behalf of himself and the Ohio Class)**

64. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

65. As alleged above, Plaintiff and members of the Ohio Class were consistently and uniformly not paid the minimum wage or overtime pay for all the work they performed during the course of their employment with Defendant. Defendant's policy and practice was to force Plaintiff and members of the Ohio Class to work off the clock to cut costs and increase profits. Defendant's unlawful conduct was neither inadvertent, *nor de minimis*, but widespread, repeated and part of a pattern and practice of conduct affecting Plaintiff and all members of the Ohio Class.

66. Defendant permitted, consented, and had actual or constructive knowledge that the Plaintiff and members of the Ohio Class were not receiving minimum wage or overtime pay because Defendant knowingly required labor to be done off the clock.

67. As a result of the foregoing, Plaintiff and the members of the Ohio Class have been damaged in an amount to be determined at trial. The Ohio Constitution contains a three-year statute of limitations regardless of whether the violation was willful (the "Ohio Class Period"). Therefore, the Plaintiff and members of the Ohio Class are entitled to back wages, damages calculated as an additional two times the amount of the back wages, and attorneys' fees and costs and other relief, including penalties and interest, as this Court deems just and appropriate.

D. **Count 4 – Violation of the Fair Labor Standard Act's Anti-Retaliation Provision, 29 U.S.C. § 215(a)**

68. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

69. The FLSA contains a strong "anti-discrimination" or other anti-retaliation provision protecting

employees who have asserted their rights under the law. Section 215(a) of the FLSA provides as follows:

> [I]t shall be unlawful for any person * * * to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

70. Plaintiff complained to management about the illegal wage practices alleged above. After the complaints, Plaintiff was terminated by Defendant. The Plaintiff was terminated for raising concerns about his/her rights under the FLSA; therefore, there is a causal connection between the protected activity and the adverse employment action.

71. Because Defendant illegally retaliated against Plaintiff, he is entitled to, among other things, back pay, attorneys' fees and costs, and other forms of relief necessary to make Plaintiff whole.

///

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Putative Classes he seeks to represent, prays for relief as follows:

1. For an order certifying that the First and Second Claims for Relief of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

2. For an order certifying that the Second through Ninth Claims for Relief be maintained as a class action pursuant to Rule 23 on behalf of the members of the Ohio Class and/or Ohio Subclasses who were either employed or who performed work in the State of Ohio during the Ohio Class Period and that notice of the pendency of this action be provided to members of the Ohio Class and/or Subclasses;

3. For an order certifying that the Third Claim for Relief be maintained as a class action

pursuant to Rule 23 on behalf of the members of the Ohio Subclass who were either employed or who performed work in the State of Ohio during the Ohio Class Period and that notice of the pendency of this action be provided to members of the Illinois Class and/or Subclasses;

4. Designation of Plaintiff as the Class Representative for the FLSA Class;

5. Designation of the Plaintiff as the Class Representatives for the Ohio Class and/or Subclasses;

6. Designation of Plaintiffs' attorneys as Class Counsel for both the FLSA Class, Ohio Class and/or Subclasses;

7. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

8. Appropriate equitable relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

9. Restoration of all business losses and shortages improperly deducted by Defendant;

10. For an award of unpaid minimum wages and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to the FLSA and treble damages pursuant to Ohio Law.

11. For an award of unpaid Federal minimum wages and overtime for each hour worked as required by the FLSA, 29 U.S.C. §206;

12. For an award of unpaid Ohio minimum wages for each hour worked as required by Ohio Law and damages equal to two times the back wages.

13. All unpaid overtime as calculated by the applicable provision of the FLSA, 29 U.S.C. §§ 201 *et seq.*, and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor;

14. All appropriate state and federal statutory remedies and penalties;

15. An award of compensatory damages to the extent available, liquidated damages pursuant

to the FLSA, and restitution to be paid by Defendants according to proof;

16. Unpaid overtime premium compensation as provided by federal and Ohio law for overtime hours worked;

17. All available statutory damages and penalties.

18. Pre-Judgment and Post-Judgment interest, as provided by law;

19. Such other equitable relief as the Court may deem just and proper; and

20. Attorneys' fees and costs of suit, including expert fees and fees pursuant to applicable state laws and as permitted by the FLSA.

21. All other relief that this Court deems equitable and just.

///

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a state and/or federal constitutional right to a jury trial.

Dated: August 19, 2017           By: */s/ Michael L. Fradin*
                                     MICHAEL L. FRADIN (0091739)



                                 Attorneys for Plaintiffs and Putative Classes

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**