IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NEIL ROSENBOHM,** | : | |
| | : | Case No. 2:17-cv-731 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| **CELLCO PARTNERSHIP,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and to Authorize Notice ("Motion to Conditionally Certify"). (ECF No. 21). For the reasons set forth below, Plaintiff's Motion to Conditionally Certify is **GRANTED.**

### I. BACKGROUND

#### A. Factual Background

Plaintiff Neil Rosenbohm worked for Defendant Cellco Partnership (d/b/a "Verizon") as a "Solution Specialist" at three locations from August 2013 to January 2017, in Hawaii, Ohio, and West Virginia.  Mr. Rosenbohm alleges that Verizon engaged in a scheme not to pay Solution Specialists and similarly-situated employees for the work they performed at Verizon store locations. (ECF No. 1).  Specifically, Mr. Rosenbohm alleges that Solution Specialists and similarly-situated employees were required to do off-the-clock work at the end of shifts and that employees were required to participate in lengthy unpaid online training courses.  (*Id.* at 4-5).  He also alleges that Verizon failed to maintain accurate records of hours worked, including overtime work.  (*Id.* at 6).

### B. Procedural History

On August 19, 2017, Plaintiff Neil Rosenbohm initiated this collective action against Verizon for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03, and other claims.  On January 21, 2018, Mr. Rosenbohm filed the pending motion seeking conditionally to certify the class and notify potential opt-in plaintiffs.  The Motion is fully briefed and ripe for decision.

## II.  LEGAL STANDARD

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Similarly situated employees are permitted to "opt into" the collective action.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  The lead plaintiff bears the burden to show that the proposed class members are similarly situated to the lead plaintiff.  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016).  The FLSA does not define "similarly situated" and neither has the Sixth Circuit.  *Id.*  But notably, plaintiffs seeking to certify a collective action under the FLSA face a lower burden than plaintiffs seeking class certification under Federal Rule of Civil Procedure 23.  *Id.*  In FLSA class actions, "class certification typically occurs in two stages: conditional and final certification."  *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012).

In the first phase, the conditional-certification phase, conducted at the beginning of the discovery process, named plaintiffs need only make a "modest factual showing" that they are similarly situated to proposed class members.  *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Comer*, 454 F.3d at 547).  The standard at the first step is "fairly

2

lenient . . . and typically results in 'conditional certification' of a representative class." *Comer*, 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).  Courts generally consider factors such as "employment settings, individual defenses, and the fairness and procedural impact of certification." *Frye*, 495 F. App'x at 672 (citing *O'Brien*, 575 F.3d at 584).  Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585.  Showing a "unified policy" of violations is not required.  *Id.* at 584. The named plaintiff "need only show that his position is similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (alteration omitted); *see also Comer*, 454 F.3d at 546-57.

At this stage, a court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).  In determining conditional certification, courts have considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).  If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

At the second stage, the final certification phase, conducted after the conclusion of discovery, courts "examine more closely the question of whether particular members of the class

are, in fact, similarly situated." *Comer*, 454 F.3d at 547. At this stage, the court has much more information on which to base its decision of whether the proposed plaintiffs are similarly situated and, "as a result, it employs a stricter standard." *Id.* (alteration, quotation marks, and citation omitted).

### III. ANALYSIS

#### A. Similarly Situated Analysis

Mr. Rosenbohm seeks conditionally to certify the following collective action class under the FLSA:

> All former and current Solution Specialists employed by Cellco Partnership nationwide during any period of time between August 19, 2014, and the present.

(ECF No. 21 at 10).

In addition to the allegations advanced in his Complaint, Mr. Rosenbohm submitted to the Court a declaration indicating that he and putative opt-in plaintiffs are similarly-situated because they were "employed as solution specialists," had "substantially similar job duties and responsibilities," were subjected to the same policies and procedures, were paid in the same fashion, were "classified by Verizon as non-exempt employees," worked "in excess of 40 hours in a workweek," "were not permitted to leave after clocking out at the end of each day" because they were required to complete off-the-clock closing tasks, were not paid for the closing tasks, and were not paid overtime for the work in excess of 40 hours per week. (ECF No. 21-2). Moreover, putative opt-in plaintiffs Alyssa Bettis, Joy Blount-Harvey, Brandon Bodenhammer, Robert Daly, Sherry Diggs, Justin Dominick, Justin Downs, Miranda Egan, Hector Garcia, Ricardo Germendia, Jessica Harmon, Jonathan Horning, Renee Jaeger, Jenn Kelley, LaiShawn LaBorde, Anthony Mondesir, Adeyemi Obanjoko, Shailesha Pnachal, Noah Shepardson, Scott Tilton, Jessica Tucker, Andrew

Vives, and Roberta Willis submitted declarations of their own stating that they, too, were required to complete close-out tasks after clocking out. (ECF No. 21-3).

These sworn statements are sufficient at this "fairly lenient" stage to show that Mr. Rosenbohm is similarly situated to other putative class members because they "suffer from a single, FLSA-violating policy." *See Comer*, 454 F.3d at 547 (internal quotations omitted); *O'Brien*, 575 F.3d at 585; *see also Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 896 (S.D. Ohio 2016) (Marbley, J.) (granting motion for conditional collective action certification and noting that "in at least one instance a court in this district has certified a class based only on two declarations"); *Flexter v. Action Temp. Servs.*, No. 2:15–cv–754, slip op. at 9 (S.D.Ohio Mar. 25, 2016) (Smith, J.) (denying a conditional-certification motion but noting that "[i]n some instances, two declarations may be sufficient to show that other employees are similarly situated to the plaintiff and FLSA conditional certification is appropriate" and that "[o]ne such instance might arise where a declarant has personal knowledge of widespread violations").

Defendants' arguments to the contrary are unavailing. They aver first that Plaintiff has not submitted evidence of a common policy or practice that would result in FLSA violations. (ECF No. 30 at 9-11). As a threshold matter, the Court notes that showing a "unified policy" of violations is not required. *O'Brien*, 575 F.3d at 585. Even so, the Court received declarations from individuals who worked at thirty-seven separate Verizon locations. If the declarations are to be credited at all—as they must at the conditional certification stage—the Court may infer that a common policy existed that led to uniform declarations of uncompensated off-the-clock work. The argument that the declarations are insufficient *evidence* of a widespread plan (ECF No. 30 at 11-18) goes to the merits of the underlying FLSA dispute and is thus not properly considered at the conditional certification stage. *See Waggoner*, 110 F. Supp. 3d at 765 ("During this

preliminary stage, a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.") (citing *Swigart*, 276 F.R.D. at 214). It may ultimately be true that the evidence does not support Plaintiff's claims, but it is *expected* that there would not be evidence only acquirable through discovery at this stage – that is why courts generally decline to opine on factual disputes in determining motions for conditional certification. *See Waggoner*, 110 F. Supp. 3d at 76. Instead, the Court asks "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014). In these regards, the declarations are amply sufficient.

Next, Defendant argues that the class is unmanageable because the claims and defenses as to each of the 33,000 potential class members could differ as to "establishing the nights he/she was scheduled to close; whether he/she remained on-site until all closing procedures were completed; whether time records reflect time paid after business hours; and whether a putative class member claims he/she is owed overtime pay . . . ." (ECF No. 30 at 16-17). But this Court has consistently held that any argument related to the level of individualized scrutiny required should Plaintiff's claims be valid is "inappropriate" at the conditional class certification stage. *Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 WL 818692, at *5 (S.D. Ohio Mar. 24, 2008) (Marbley, J.).

The Court therefore finds that conditional certification of the proposed class is appropriate. Defendants, of course, may file a motion for decertification at a later date if discovery reveals that the members of the putative class are not similarly situated.

### B. Notice

Having conditionally certified the class, this Court has the authority to supervise notice to potential plaintiffs. *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 870 (S.D. Ohio 2011)

(citing *Hoffman-La Roche*, 493 U.S. 165, 172 (1989)).  By "monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 897–98 (S.D. Ohio 2018) (quoting *Hoffman-La Roche*, 493 U.S. at 172)).  The Court may facilitate notice to the putative class "so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Swigart*, 276 F.R.D. at 214.

Verizon objects to Mr. Rosenbohm's proposed notice for three reasons.  First, it argues that "the appropriate period, should any class be conditionally certified, is the three-year period preceding the date notice is approved by this Court, but extending no farther than June 8, 2015, the date clocking in/out capabilities were added to Company iPads." (ECF No. 30 at 19).  Mr. Rosenbohm has no objection to this modification provided that Defendant "provide proof" that June 8, 2015, is the relevant date on which the putative violations began. (ECF No. 32 at 2).  Here, Defendant has provided at least some proof in the form of a declaration of Amanthi Chandraratna, who indicated that "[o]n June 8, 2015, the Mobile POS Tablet application was added to iPads in all retail stores enabling Solutions Specialists to clock in and out on the Verizon-provided iPads that Solutions Specialists use to facilitate their sales work." (ECF No. 30-1).  Moreover, this Court generally approves FLSA conditional certification for employees who worked at any time during the three years prior to the granting of such certification. *See, e.g.*, *Nazih v. Café Istanbul of Columbus*, No. 2:17-cv-947, 2018 WL 4334613 at *5 (S.D. Ohio Sept. 11, 2018) (Marbley, J.); *Crescenzo v. O-Tex Pumping, LLC*, No. 15-CV-2851, 2016 WL 3277226, at *5 (S.D. Ohio June 15, 2016) (Marbley, J.) ("Courts in the Sixth Circuit have found that class certification is appropriately limited to three years prior to the date of approval of the notice, and not the filing of the lawsuit.") (citing *Atkinson v. TeleTech Holdings, Inc.,* No. 3:14-CV-253, 2015 WL 853234, at

7

*3 (S.D. Ohio Feb. 26, 2015)). Although the three-year timeline may be slightly over- or under-inclusive depending on evidence later adduced, it is a helpful starting point, and it is proper to limit conditional certification to three years in this case. Should evidence later suggest that the class definition should be modified, the parties may of course file a motion to that effect.

Next, Plaintiffs seek to send notice via First Class mail and email, with the option to contact individuals via telephone if mail and email notices are returned as undeliverable "for the sole purpose of obtaining the correct and most current address from them." (ECF No. 32 at 19). As this Court very recently noted, the "trend in the Southern District of Ohio . . . is 'to allow notice by mail and email to ensure that putative class members receive notice of the pending action.'" *Nazih*, 2018 WL 4334613 at *5 (quoting *Hall v. U.S. Cargo and Courier Serv.*, 299 F. Supp.3d 888, 899-900 (S.D. Ohio 2018). The Court therefore concludes that notice by mail and email is appropriate in this case and mitigates any risk of improper solicitation posed by the production of telephone numbers for all putative class members.

Finally, Mr. Rosenbohm asks that the parties be allowed 10 days to negotiate the content of the notice. Verizon seeks 30 days to negotiate the notice, but the sole reason it advances is "the nature of Plaintiff's claims." (ECF No. 30 at 20). The Court finds that argument unconvincing. Given the importance of timely notice to FLSA claims, there is no need to unduly extend the negotiation process. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (noting that the remedial purpose of the FLSA "depend[s] on employees receiving accurate and timely notice concerning the pendency of the collective action . . . ."). The Court does, however, find merit in Verizon's request that it be allowed "14 days from the date notice is approved to provide the putative class list data ordered by this Court (as opposed to the 14 days from any order granting conditional certification that Plaintiff proposes)" because the putative class contains a great

number of potential opt-in plaintiffs. (ECF No. 30 at 20). The Court will permit Verizon 14 days from the date notice is approved to compile such information.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion to Conditionally Certify (ECF No. 21) and conditionally certifies the following collective action class:

> All former and current Solution Specialists employed by Cellco Partnership nationwide at any time during the three years prior to the granting of this motion to the present.

The Court **ORDERS** that within **TEN DAYS** of the date of this Order, the parties shall submit to the Court proposed language for notification and consent forms to be issued via First-Class Mail and Email, apprising potential plaintiffs of their rights under the FLSA to opt in as parties to this litigation.

The Court further **ORDERS** that within **FOURTEEN DAYS** of the date the notice is approved, Defendant shall answer Plaintiff's Opt-In Discovery, and shall provide to Plaintiff and the Court an Excel spreadsheet containing the name, last known home address (including zip code), last known email address, and employment dates (in Microsoft Office Excel format) of all former and current Solution Specialists employed by Cellco Partnership nationwide during the three years prior to the granting of this Order.

**IT IS SO ORDERED.**

    /s/ Algenon L. Marbley\
**ALGENON L. MARBLEY**\
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 17, 2018**