THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NEIL ROSENBOHM,** | Civil Action 2:17-cv-731 |
| **Plaintiff,** | **JUDGE ALGENON L. MARBLEY** |
| v. | Magistrate Judge Vascura |
| **CELLCO PARTNERSHIP, d/b/a Verizon Wireless,** | |
| **Defendant.** | |

## OPINION & ORDER

This matter is before the Court on Defendant's Objection to the Magistrate Judge's May 16, 2019 Order and Emergency Motion to Stay Case Pending Resolution of Objections. (ECF Nos. 70, 73). For the reasons set forth below, Defendant's Motion to Stay is **DENIED** and Defendant's Objections are **OVERRULED.**

### I. BACKGROUND

Plaintiff Neil Rosenbohm sued Cellco Partnership, doing business as Verizon Wireless, alleging violations of the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA"). (ECF No. 8 at ¶ 1). This Court granted conditional certification of the FLSA collective action on September 17, 2018, and the parties have sent notice to potential collective action members. (ECF No. 35). No action has been taken on the Rule 23 class action for violations of Ohio law.

On April 17, 2019, Magistrate Judge Vascura entered a Scheduling Order establishing the scope of discovery in the FLSA collective action. (ECF No. 63). The Magistrate Judge limited discovery to ninety-four randomly selected opt-in Plaintiffs in addition to Rosenbohm. (ECF No. 63). In this April 17 order, the Magistrate Judge ordered that Defendant shall serve a uniform

questionnaire on the ninety-four randomly-selected opt-in Plaintiffs no later than May 30, 2019 with responses due within 30 days. (ECF No. 63). Additionally, the Magistrate Judge ordered that written discovery of the ninety-four randomly selected opt-in Plaintiffs be completed no later than September 13, 2019 and that responses were due within 60 days. (ECF No. 63). The Magistrate Judge also limited potential trial or other testimony to these ninety-four randomly selected opt-in Plaintiffs. (ECF No. 63).

On May 1, 2019, Defendant timely objected to the Magistrate Judge's order on the basis of the scheduling order's trial-stage limitation on available trial witnesses and the limitation of discovery to 94 randomly selected opt-in Plaintiffs. (ECF No. 64). The Magistrate Judge then held a telephonic conference with the parties on May 15, 2019. On May 16, 2019 the Magistrate Judge issued a new scheduling order vacating the April 17 scheduling order and eliminating the trial-stage limitations found in the original order. (ECF No. 69). Defendant timely objected to the new scheduling order. This second objection was based on the court's discovery restrictions and to the Magistrate Judge vacating her own order before this Court had reviewed Defendant's May 1, 2019 objections in accordance with Rule 72 of the Federal Rules of Civil Procedure. (ECF No. 70). Defendant then filed an Emergency Motion to Stay Case Pending Resolution of Objections.

## II. STANDARD OF REVIEW

A district court reviews a magistrate judge's order on nondispositive matters under the "clearly erroneous or contrary to law" standard. 28 U.S.C. §631(b)(1)(A) (2000). See also *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980). In determining whether a factual finding is clearly erroneous, this Court looks to "whether there is evidence in the record to support the [magistrate judge's] finding, and whether its construction of that evidence is a reasonable one." *Geiger Bros. Mechanical Contractors v. Lockheed Martin Utility Services, Inc.*, No. C–2–98–109, 2000 WL

1456916, *1–2 (S.D.Ohio 2000) (quoting *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir.1985)). The "contrary to law" standard is "more lenient," *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992) (citing *Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981) and asks whether "any conclusions of law contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F.Supp. 684 at 686 (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)).

Courts have broad discretion to determine the scope and method of discovery based upon the circumstances of each case. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir.1998). Specifically, a court must limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive ... [or if] the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

### III. LAW AND ANALYSIS

The Fair Labor Standards Act (FLSA) authorizes collective actions "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To participate in an FLSA collective action case, "all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Generally, FLSA collective action certification proceeds in two stages. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (citing *Comer*, 454 F.3d at 546)). The first stage is conditional certification, commonly referred to as the notice stage. At the conditional certification stage, courts apply a lenient standard that requires "a modest factual

showing" that the proposed co-plaintiffs are similarly situated. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). At the second stage of certification, which occurs after discovery has concluded, courts rely on the additional information obtained during discovery to look more closely at "whether particular members of the class are, in fact, similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

In determining whether plaintiffs are similarly situated, courts look to three non-exhaustive factors: (1) the "factual and employment settings of the individual[ ] plaintiffs"; (2) "the different defenses to which the plaintiffs may be subject on an individual basis"; and (3) "the degree of fairness and procedural impact of certifying the action as a collective action." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (citing *O'Brien v. Ed Donnelly Enterprises Inc.*, 575 F.3d 567 (6th Cir. 2009). Plaintiffs are similarly situated if they "suffer from a single, FLSA-violating policy" or have "claims [that are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Monroe*, 860 F.3d at 398 (quoting *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)).

In the present case, Defendant objects to the Magistrate Judge's Order on discovery matters and to the Magistrate Judge's vacating the Order before this Court ruled on Defendant's first objections. Defendant's discovery objections are two-fold: (1) the sample size should be larger with a smaller margin of error or (2) discovery should be based on a stratified random sample rather than a simple random sample. Defendant contends that these discovery decisions infringe its due process rights by restricting their ability to develop defenses and highlight differences in the conditional class. (ECF No. 70 at 8). Defendant requests the use of a five percent margin of error, which would require performing discovery on 350 opt-in Plaintiffs as opposed to the ninety-four opt-in Plaintiffs established in the Magistrate Judge's scheduling

4

order. Additionally, Defendant requests that discovery be conducted using stratified random sampling, as opposed to simple random sampling. Defendant contends that this would allow for "opt-in sub-groups" such as "those who claim they were required to perform closing tasks off-the-clock; those who claim they were required to wait for others to perform closing tasks without compensation; those of a certain tenure; or who worked for certain managers, among others." (ECF No. 70 at 11). Defendant argues that the use of stratified random sampling would allow them "to analyze whether certain sub-groups had differing or more similar experience with regard to closing tasks." (ECF No. 70 at 11).

Although Defendant's requested five percent margin of error is more precise than the ten percent margin of error established in the Magistrate Judge's order, the Magistrate Judge's decision to fix the margin of error at ten percent is in no way contrary to law. This Court has approved the use of a statistically significant representative sample in FLSA collective actions several times. *See Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354 (S.D. Ohio 2006); *Gentrup v. Renovo Servs., LLC*, No. WL 6766418, at *7 (S.D. Ohio Aug. 17, 2010)). And in *Smith v. Lowe's Home Centers, Inc.*, this Court limited discovery to ninety of 1500 opt-in plaintiffs. *See Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. at 356. That equates to a ninety-five percent confidence interval and ten percent margin of error. (ECF No. 64-1 at 2). By Defendant's own chart filed in used a confidence interval of ninety-five percent with a ten percent margin of error. Neither the Sixth Circuit nor the Supreme Court has specified a margin of error or confidence interval for the discovery process in FLSA collective action cases. In light of the discretionary authority courts possess for determining the scope of discovery, the Magistrate Judge's limitations on the number of opt-in Plaintiffs, and the method for selecting these opt-in Plaintiff's for the discovery process was not contrary to law.

As to stratified random sampling, it is *after* discovery that the court takes a closer look to determine whether the plaintiffs are similarly situated based on the additional information obtained through discovery. *Monroe*, 860 F.3d at 397. But "if, after conducting the discovery of the representative sample, defendants can demonstrate to the Court that broader discovery is appropriate and necessary, the defendants can so move." *Smith*, 236 F.R.D. at 358. Then, at the second stage of the certification process, Defendant can develop and highlight differences in the conditionally certified class. *See David v. Kohler Co.*, 2017 WL3865656 at 6 (W.D. Tenn. 2017) ("Ultimately, [whether] differences in the factual and employment settings of the class members may preclude final certification of the collective action… is a question the Court need only reach at the second stage of the certification process and on the basis of a fully developed factual record.")).

Defendant additionally objected that the Magistrate Judge exceeded her authority by ruling on Defendant's objection to her scheduling order. Although the Magistrate Judge did not formally rule on Defendant's objection, her updated scheduling order addressed some aspects of Defendant's objections and therefore rendered them moot. Rule 72 requires the District Judge to consider a party's objection, and typically such objections should be ruled on prior to the continuation of the case. Fed. R. Civ. P. 72. However, the only prejudice to Defendant from the Magistrate Judge vacating her initial scheduling order was to delay this Court's consideration of the issue. This Court is left with no choice but to review Defendant's Objections to the amended scheduling order as any other outcome would only result in further delay.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Objections to the May 16, 2019 Scheduling Order are **OVERRULED.**  The Motion to Stay Case Pending the Resolution of Objections is **DENIED.**

**IT IS SO ORDERED.**

                                                                    s/ Algenon L. Marbley
                                                          **ALGENON L. MARBLEY**
                                                          **UNITED STATES DISTRICT JUDGE**

**DATED:  July 24, 2019**