UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**NEIL ROSENBOHM,**

      **Plaintiff,**

v.                                           Civil Action 2:17-cv-731
                                               Chief Judge Algenon L. Marbley
                                               Magistrate Judge Chelsey M. Vascura

**CELLCO PARTNERSHIP,**

      **Defendant.**


**OPINION AND ORDER**

This matter is before the Court on Defendant Cellco Partnership d/b/a Verizon Wireless's Motion to Dismiss and for an Adverse Inference Against Opt-In Plaintiffs Who Refused to Respond to Discovery Questionnaire or Provided Late or Incomplete Responses (ECF No. 76). For the reasons that follow, Defendant's Motion is **GRANTED IN PART and DENIED IN PART**.

      **I.**       **BACKGROUND**

This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111.01, *et seq.* (the "Ohio Act"). Plaintiff worked for Defendant Cellco Partnership (d/b/a "Verizon") as a "Solution Specialist" at three locations from August 2013 to January 2017, in Hawaii, Ohio, and West Virginia. Plaintiff alleges that Defendant engaged in a scheme not to pay Solution Specialists and similarly-situated employees for the work they performed at Verizon store locations. (Compl., ECF No. 1.) Specifically, Plaintiff alleges that Solution Specialists and

similarly-situated employees were required to work off-the-clock at the end of shifts and to participate in lengthy unpaid online training courses. (*Id.* at ¶¶ 13–16.) He also alleges that Verizon failed to maintain accurate records of hours worked, including overtime work. (*Id.* at ¶ 17.)

On September 17, 2018, the Court granted Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and to Authorize Notice. (ECF No. 35.) Thereafter, Plaintiff served notice of the conditionally-certified FLSA collective action to all former and current Solution Specialists employed by Defendant nationwide during the three years prior to the Order granting conditional certification. At the close of the opt-in period, 3,875 opt-in Plaintiffs had filed consent forms to join the FLSA collective action. (Proposed Scheduling Order at 3, ECF No. 59.)

After the parties were unable to agree on the extent of representative discovery of the opt-in class, the Court ordered that Defendant is entitled to take discovery of a random sample of 94 opt-in Plaintiffs. (ECF Nos. 63, 69, 74.) This number was arrived at by selecting a 95% confidence interval and a 10% margin of error applicable to a population size of 3,875. (*See* Required Sample Size table, ECF No. 64-1.) Discovery was to commence with a questionnaire served on the random sample, with responses due 30 days after service. (ECF Nos. 63, 69.) The Court stated in the May 16, 2019 Amended Scheduling Order that

> Defendant is permitted to file a motion seeking all opt-ins who fail to respond to the questionnaire to be dismissed with prejudice, and Plaintiff will have an opportunity to respond to the motion. The Court will determine whether each opt-in should be dismissed after briefing. For each opt-in who fails to respond to the questionnaire, the parties will work together to randomly select an additional opt-in for opt-in discovery.

(Order 10, ECF No. 69.) In accordance with the Amended Scheduling Order, Plaintiffs' counsel served the questionnaire on 94 randomly-selected opt-in Plaintiffs on July 31, 2019. (Braun

Decl. ¶ 2, ECF No. 76-2.)  The questionnaire instructed the recipients to "read and answer each question truthfully and to the best of your ability and knowledge," and that "[f]ailure to do so may harm your claims."  (Questionnaire 1, ECF No. 76-6.)  Not all members of the sample provided timely or complete responses, and Plaintiff's counsel served the questionnaire on an additional 58 randomly-selected opt-in Plaintiffs on September 27, 2019.  (*Id.* ¶¶ 3–4.)  Plaintiff's counsel served the questionnaire on an additional 24 randomly-selected opt-in Plaintiffs on October 17, 2019.  (*Id.* ¶ 7.)  In total, questionnaires were served on 177 randomly-selected opt-in Plaintiffs.  (*Id.* ¶ 8.)

Of these 177 randomly-selected opt-in plaintiffs, Defendant seeks dismissal with prejudice of 122.  (Mot. 2, ECF No. 76-1; Reply 1 n.1, ECF No. 80.)  This includes 84 Plaintiffs who failed to respond to the questionnaire at all, 8 Plaintiffs who responded by asking to withdraw their consent to join the collective action, 25 Plaintiffs who provided untimely responses, and 8 Plaintiffs who provided incomplete responses.[1]  (*Id.*)  Further, Defendant seeks an adverse inference against all 122 Plaintiffs who did not provide timely, complete responses.  (*Id.*)  Should the Court instead dismiss these opt-ins without prejudice, Defendants asks in the alternative that the Court order that the statute of limitations for the 122 opt-ins is not tolled for the period of time during which they were opt-in Plaintiffs in this lawsuit.  (*Id.*)  Finally, Defendant asks that, at minimum, the 122 opt-ins be precluded from later attempting to introduce evidence.  (*Id.*)

## II.  STANDARD OF REVIEW

The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for

---

[1] Of the 8 Plaintiffs providing incomplete responses, 3 are also included in the 25 who provided untimely responses.

3

failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.　　ANALYSIS

**A.　Dismissal with prejudice is appropriate for opt-in plaintiffs who declined to participate in discovery.**

The *Schafer* factors favor dismissal with prejudice of those randomly-selected opt-ins who provided no response to the questionnaire. As to the first factor, Plaintiffs have not provided any explanation for the failure of the 84 opt-ins who provided no response at all. During prior court conferences, Magistrate Judge Vascura made it clear that the Court might forgo dismissal for opt-ins who failed to respond to discovery due to hardship, illness, or other circumstances beyond the opt-ins' control. It was not contemplated by the Court or the parties

4

that opt-ins may avoid dismissal simply because Defendant (who is not in position to determine why opt-ins failed to respond) did not make a case that the failure was willful. Further, to the extent responses were not provided due to counsel's inability to contact the opt-ins, "[t]rial courts within this Circuit have agreed that an opt-in plaintiff's failure to respond to his counsel constitutes willful conduct weighing in favor of dismissal." *Hughes v. Gulf Interstate Field Servs., Inc.*, No. 2:14-CV-432, 2015 WL 8331980, at *2 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, 2016 WL 183566 (S.D. Ohio Jan. 14, 2016) (collecting cases).

Second, Defendant is prejudiced by the 84 opt-ins' refusal to respond to the questionnaire, the least burdensome form of discovery. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 739 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)) (alterations in original). These opt-ins' failure to respond required Defendant to wait for additional randomly-selected opt-ins to receive the questionnaire and provide their responses. That is, they wasted Defendant's time and have provided no justification for doing so.

Third, Plaintiffs were warned that failure to respond to the questionnaire could lead to dismissal. The Court's Amended Scheduling Order stated that "Defendant is permitted to file a motion seeking all opt-ins who fail to respond to the questionnaire to be dismissed with prejudice." (Order 10, ECF No. 69.) Further, the questionnaire warned the randomly-selected opt-ins that failure to respond "may harm [their] claims." (Questionnaire 1, ECF No. 76-6.) These statements provide sufficient notice to the opt-ins that failure to participate in discovery could result in dismissal.

Finally, under the circumstances, no alternative sanction would protect the integrity of the pretrial process. Having affirmatively opted in to the collective action, these Plaintiffs undertook responsibilities to participate in the litigation as required by the FLSA and the Federal Rules of Civil Procedure. Yet the 84 opt-ins who failed to respond to even a non-burdensome questionnaire have demonstrated no intention of participating in this lawsuit beyond signing their name to a consent form. Moreover, Plaintiffs' counsel have not provided any justification for their failure to respond.

In addition to the 84 opt-ins who did not respond at all to the questionnaire, an additional 8 responded by requesting to withdraw their consent to join the FLSA collective action. Plaintiffs do not oppose dismissal of these 8 opt-ins. (Griffin Decl. ¶ 13, ECF No. 79-1)

Therefore, the claims of the 92 opt-in Paintiffs who either failed to respond at all to the questionnaire or responded by asking to withdraw from the case, who are listed in Defendant's Attachment A to the Supplemental Declaration of Tonya Braun (ECF No. 80-1, PAGEID #5520, 5522–24) are **DISMISSED WITH PREJUDICE**.[2]

**B.    An adverse inference is not warranted against non-responding opt-ins.**

The Court declines to impose an adverse inference as to the opt-ins who failed to respond to the questionnaire. The Court was unable to locate any cases imposing an adverse inference in an FLSA case such as this one. Rather, precluding Plaintiffs from introducing evidence related to the non-responding opt-ins will suffice as a sanction. *See*, *e.g.*, *Scott v. City of New York*, 591 F. Supp. 2d 554, 566 (S.D.N.Y. 2008) ("[N]o adverse inference instruction is necessary concerning [opt-in] plaintiffs who failed to" participate in discovery; a sanction preventing

---

[2] Because dismissal is appropriate under Federal Rule of Civil Procedure 41, the parties' arguments regarding dismissal under Federal Rule of Civil Procedure 37 need not be addressed.

6

Plaintiffs from "list[ing] any of the non-compliant plaintiffs as witnesses for trial provides an adequate penalty.").

The Court is not persuaded otherwise by the cases Defendant cites. Although adverse inferences were warranted in those cases as a sanction for failure to comply with discovery, those cases did not involve collective actions. *See Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 626–27 (6th Cir. 2006); *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 712 (6th Cir. 2007). The reasoning underlying those decisions—that a court may presume that a party's refusal to produce information responsive to written discovery is an admission of the want of merit in the asserted claims—does not apply here. Just as there are many reasons why a potential class member with meritorious claims may nevertheless decide not to opt in to a collective action, there is no reason to believe that an opt-in plaintiff's lack of interest in participating in discovery means that their claims lacked merit from the beginning. Potential class members may opt in to an FLSA action thinking that their interests will be represented without having to actively participate in the lawsuit, and when they find that is not the case, they may decide not to participate due to the time and effort required.

Accordingly, no adverse inference is warranted in connection with the 84 non-responding opt-ins and the 8 opt-ins who responded by requesting withdrawal from the action. However, Plaintiffs are precluded from introducing evidence related to these 92 opt-ins.

**C.   Evidence related to remaining opt-in plaintiffs may be introduced to the extent they participate in discovery.**

As to the remaining 30 Plaintiffs who provided untimely and/or incomplete responses, dismissal is not warranted. Both the Court's Amended Scheduling Order and the questionnaire instructions put Plaintiffs on notice of potential dismissal only if they failed to respond to the questionnaire. (Order 10, ECF No. 69; Questionnaire 1, ECF No. 76-6.) No notice has been

7

provided that late or incomplete responses could result in dismissal. "'[P]rior notice, or the lack thereof, is . . . a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Schafer*, 529 F.3d at 737 (quoting *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Further, any prejudice suffered by Defendant in connection with untimely (but complete) responses is minimal, as discovery remains ongoing. Finally, alternative sanctions are available to cure any prejudice occasioned by incomplete responses. Thus, Plaintiffs may introduce evidence related to the 8 opt-ins who provided incomplete responses only to the extent of those responses.

## IV. DISPOSITION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion (ECF No. 76). In addition, the Court **DISMISSES WITH PREJUDICE** the 92 opt-in Plaintiffs who either failed to respond to the discovery questionnaire at all, or responded by requesting to withdraw their consent to join the collective action. Further, the Court declines to impose an adverse inference against these 92 opt-ins, but precludes Plaintiffs from introducing evidence related to them. Finally, the Court declines to dismiss the remaining 30 opt-ins who provided incomplete and/or untimely responses, but limits Plaintiffs to introducing evidence related to the 8 opt-ins who provided incomplete responses only to the extent of those responses.

**IT IS SO ORDERED**.

                                              /s/*Algenon L. Marbley*
                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 6, 2020**