IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NEIL ROSENBOHM, | * |
| On behalf of himself and all others similarly situated, | * |
| | Case No. 2:17-cv-00731 |
| Plaintiff, | * |
| | CHIEF JUDGE ALGENON L. MARBLEY |
| v. | * |
| | Magistrate Judge Chelsey M. Vascura |
| CELLCO PARTNERSHIP, d/b/a Verizon Wireless, | * |
| Defendant. | * |
| | * |

**OPINION & ORDER**

This matter is before the Court on the Parties' Joint Motion for Final Approval of FLSA Settlement pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 91). For the reasons stated below, this Court **GRANTS** the parties' motion for final approval. (ECF No. 91).

**II. BACKGROUND**

On August 19, 2017, Plaintiff Neil Rosenbohm filed this this action on behalf of himself and all others similarly situated to him ("Plaintiffs"), alleging that Defendant Verizon Wireless violated the Fair Labor Standards Act ("FLSA") by failing to pay employees for the time they worked at various Version Wireless establishments throughout the United States. On December 12, 2020, the parties reported that they had reached a settlement. Before the Court is a Joint Motion to approve that settlement. Under the Agreement, the claims at issue will be settled for a total sum of $1,950,000.00. Of that amount, nearly 4,000 opt-in Plaintiffs are set to receive an aggregate

1

amount of $1,221,026.36 for their unpaid wages. Counsel for Plaintiffs is set to receive an attorneys' fees award of $650,000 and a litigation costs and expenses fee of $46,973.64. Representative Plaintiff Rosenbohm is set to receive a Service Payment Award of $10,000, in addition to his individual settlement payment, for his services provided in this matter on behalf of the class. Finally, $22,000 will be set aside for fees and expenses for a claims administrator to administer the settlement.

### III. LAW & ANALYSIS

As a general rule, "[t]he FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012). One exception is when a court reviews and approves a settlement agreement in a private action for back wages under 29 U.S.C. § 216(b). *Id.* The Court's role in approving an FLSA settlement, and an Ohio wage and hour settlement, "is comparable to that of a court in a settlement of a class action brought pursuant to Fed. R. Civ. P. 23." *See id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, *5 (N.D. Ohio Mar. 8, 2010)). Hence, the Court must ensure that there is a bona fide dispute between the parties and that the settlement is a product of arms-length negotiation that was fair, reasonable, and adequate. *See id.* at *5-6.

1. <u>Whether there was a Bona Fide Dispute Between the Parties</u>

The requirement that there be a bona fide dispute between the parties stems from the need to ensure the parties are not negotiating around the FLSA's requirements concerning wages and overtime. *Id.* at *5. At the heart of this case is whether Plaintiffs are entitled to compensation for the time they worked at Verizon Wireless establishments throughout the country. Plaintiffs maintain that Defendant failed to pay them for the overtime that they worked whereas Defendant

2

denies that it engaged in any unlawful or improper conduct. This lawsuit has been pending for nearly three years, and was resolved only after extensive discovery, motion practice, and mediation. *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties."). Given the above, the Court is satisfied that the Settlement Agreement is not an attempt to negotiate around the FLSA's mandatory requirements of compensating employees for unpaid wages.

### 2. Whether Negotiations were Fair, Reasonable, and Adequate

In determining whether a proposed FLSA settlement is fair, reasonable, and adequate, a district court is required to consider and balance several factors: (a) Plaintiff's likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the judgment of experienced trial counsel; (e) the nature of the negotiations; (f) the objections, if any, raised by the class members; and (g) the public interest. *Kritzer*, 2012 WL 1945144, at *6. Here, the Court finds that the balance of factors weighs in favor of approving the Settlement Agreement.

#### a. Likelihood of Success

The most important factor the Court must consider when approving an FLSA settlement "is the plaintiffs' probability of success on the merits, particularly when weighed against the recovery provided in the proposed settlement agreement." *Id.* The lower the likelihood of success, the more desirable a settlement. *Id.*

Here, the parties disagree about the merits of Plaintiffs' claims and the viability of Defendant's various defenses. While Plaintiffs allege that Defendant failed to pay them overtime

for the time they worked in excess of forty hours per week, Defendant denies that it engaged in any unlawful or improper conduct. Because of the uncertainty surrounding Plaintiffs' likelihood of success, the Court finds that this factor weighs in favor of approval.

### b. Complexity and Expense of Litigation

The second factor the Court must consider is the complexity and expense of potential litigation. Here, Plaintiffs faced multiple, and potentially expensive, hurdles to victory. Some of these hurdles include overcoming a motion to dismiss, expensive discovery, potential losses during the decertification and summary judgment phases, and eventually a trial. The Settlement Agreement eliminates these burdens, and thus, weighs in favor of approval.

### c. Stage of Proceedings

The third factor is intended to ensure Plaintiffs have had access to the information needed to adequately assess their case and the desirability of the Settlement Agreement. *See Kritzer*, 2012 WL 1945144 at *7. This case has been pending for nearly three years, and the parties represent they have engaged in extensive discovery. Because Plaintiffs have had available to them all the information they needed to make an informed decision about the settlement, this factor weighs in favor of approval.

### d. Judgment of Experienced Counsel

By agreeing to this settlement, counsel for both parties have indicated their shared belief that the Settlement Agreement is fair, reasonable, and adequate. The Court gives great weight to the beliefs of experienced counsel. *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (Generally, "[t]he court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs."). Accordingly, this factor weighs in favor of approval.

### e. Nature of Negotiations

Before approving an FLSA settlement, the Court must be convinced that the parties' Settlement Agreement "is non-collusive and the product of arms-length negotiations." *Kritzer*, 2012 WL 1945144, at *7. Here, the Settlement Agreement is a product of private mediation. Indeed, the parties prepared mediation memoranda and spent a full day on March 2, 2020 negotiating a settlement with a well-respected independent mediator. Many issues were highly contested and resulted in motion practice. Given these representations, the Court is satisfied that the Settlement Agreement is a product of arms-length negotiations.

### f. Objections by Class Members

In evaluating an FLSA settlement agreement the Court is required to consider objections, if any, raised by class members. There have been no such objections in this case.

### g. Public Interest

The final factor the Court must consider is whether the public interest would be served by settlement. Because the parties' Settlement Agreement would end potentially long and protracted litigation, the Court finds that this factor weighs in favor of approval. *Id.* at *8 ("While this case is not of general public interest, the public interest in favoring settlement certainly applies here, as the proposed settlement ends potentially long and protracted litigation.").

In sum, each of the seven fairness factors weigh in favor of approving the parties' Settlement Agreement.

### 3. Whether the Attorneys' Fees Award is Reasonable

The Sixth Circuit has held that an award of attorneys' fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). There are two methods for determining whether proposed attorney's fees are appropriate: the lodestar and the percentage-of-

the-fund. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). When using the percentage-of-the-fund method, Courts in this Circuit generally approve of awards that are 1/3 of the total settlement. *See e.g.*, *Rotuna v. W. Customer Mgt. Group, LLC*, 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2010) (approving of attorney's fees in the amount of 1/3 of the settlement fund). The lodestar figure represents the number of hours spent multiplied by reasonable rates. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999). A district court has discretion to select which method is appropriate in light of the "unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Id*.

When determining a reasonable rate using the lodestar method, courts use as a guideline "the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). A district court has discretion to select which method is appropriate in light of the "unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Id*. Although not mandatory, courts frequently cross-check counsel's request for percentage-of-the-fund awards against the lodestar. *Id*. at 501. Courts also frequently consider several factors in determining if attorney's fees are reasonable including:

> (1) the value of the benefit rendered to the class, (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved on both sides.

*Michel v. WM Healthcare Sols., Inc.*, No. 1:10-CV-638, 2014 WL 497031, at *15 (S.D. Ohio Feb. 7, 2014). The party seeking attorneys' fees bears the burden of documenting his entitlement to the award. *Id.* at 472.

Here, counsel for Plaintiffs requests that they receive 1/3 of the Settlement Fund, amounting to a fees award of $650,000 under the Settlement Agreement. This Court finds that the balance of factors weighs in favor of finding this amount reasonable.

### a. Value of Benefits Rendered

Plaintiffs' counsel achieved a fairly good result for their clients since each Plaintiff is expected to receive sixty-two percent of the damages they could have received at trial if successful. *See Michel*, 2014 WL 497031, at *15 (S.D. Ohio, 2014) (noting a "monetary recovery consisting of over 70% of class members' estimated damages has been recognized as a 'substantial and certain' benefit to the members . . . a recovery of approximately 50% of an average class member's damages has been recognized as 'a moderately good' result."); *Dillworth*, 2010 WL 776933, at *8 (finding that a recovery of one-third of the owed wages for class members, before deducting attorney's fees and costs, is "well above" average). This factor, therefore, weighs in favor of the proposed fees award.

### b. Societal Stake in Attorneys' Fees

The second factor, society's stake in rewarding attorneys who produce such benefits, also favors the proposed fees award. This is because "[s]ociety has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own." *See Kritzer*, 2012 WL 1945144, *9. Here, counsel was integral in helping Plaintiffs recover damages for unpaid wages.

### c. Whether Services were Undertaken on Contingent Fee Basis

Given that counsel took this case on a contingency fee basis, they "undertook the risk of not being compensated, a factor that cuts significantly in favor of awarding them a significant recovery here." *See id.* Accordingly, this third factor favors the proposed fees award.

### d. Value of Services on Hourly Basis

As to the value of the services rendered on an hourly basis, this factor strongly weighs in favor of the proposed fees award. Plaintiffs' counsel requests an award of $650,000 and represents that they have billed approximately $680,571.77 across three law firms for their work on this matter. (ECF No. 91 at 25). Counsel for Plaintiffs argues that this represents a negative 1.05 multiplier of their current lodestar and that they discounted their fees and costs award by $30,571.77 to settle this case. Plaintiffs' counsel argues that this fee award is reasonable in light of the time, the complexity of the action, and the fact that they will continue to spend time on the matter in order to fulfill their obligations administering the settlement and responding to all Plaintiffs' inquiries. For these reasons, this Court determines that Plaintiffs received adequate representation at a reasonable rate.

### e. Complexity of Litigation

With respect to the complexity of the litigation, this case has been pending for nearly three years and has involved extensive discovery, motion practice, and mediation. Furthermore, the claims and defenses in this suit have been contested until the settlement of this case. Thus, this factor weighs in favor of the proposed fee award.

### f. Skill of Counsel

The final factor, the professional skill and standing of the attorneys involved, also weighs in favor of the proposed fees award. Counsel has detailed the efforts that went into litigating and settling this case, as well as the reputation and skills of the lawyers involved. Moreover, because of counsel's efforts, Plaintiffs were able to recoup sixty-two percent of the total damages that they could have received at trial if successful. Accordingly, the Court finds that the proposed attorneys' fees and costs award is reasonable.

### 4. Whether Plaintiff's Litigation Costs are Reasonable

Litigation expenses in this case are estimated to be approximately $46,973.64, which includes costs of $29,153.07 for mailing the Notice to putative collective action members, $11,500.00 for the mediator's fees, and $2,301.00 in travel and other expenses for Plaintiffs' Counsel to attend the mediation in Chicago, Illinois. The expenses incurred were reasonable and necessary in resolving this case, therefore, their reimbursement should be approved. *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (reimbursing $39,406.46 in out-of-pocket litigation expenses that "were reasonable and necessary in connection with litigating and resolving this case and are reimbursable.").

All of this time and work is reasonable, with the exception of the time spent in travel and other expenses for Plaintiffs' Counsel to attend the mediation. The costs of travel and related expenses are unwarranted, given that the Settlement Agreement lacks specificity and fails to demonstrate that counsel used the travel time in furtherance of their representation of their clients. *See Wilson v. Tesla, Inc.*, No. 17-CV-03763-JSC, 2019 WL 2929988, at *13 (N.D. Cal. July 8, 2019), *motion for relief from judgment denied*, No. 17-CV-03763-JSC, 2019 WL 4261066 (N.D. Cal. Sept. 9, 2019), *appeal docketed*, No. 19-16998 (9th Cir. Oct. 9, 2019) ("The Court is concerned that counsel consistently bills large blocks of time for travel from San Diego to San Francisco to attend hearings as counsel was presumably working on other matters or could have been during much of this time."). The $2,301.00 incurred in travel expenses are not recoverable from the proceeds of the common fund.

### 5. Whether the Representative Plaintiff's Service Payment Award is Reasonable

Service awards to representative plaintiffs in this Circuit are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class

counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997). Furthermore, Courts have established that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)), *see also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (noting that among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Here, Representative Plaintiff Rosenbohm has contributed significant time and effort to this case. He provided extensive information to Plaintiffs' Counsel and faithfully engaged in numerous and extensive calls and other communications with Plaintiffs' Counsel. Moreover, he subjected himself to the responsibilities of serving as named Plaintiff in a lawsuit against his former employer. The requested payment is proportional to service payments recently awarded to plaintiffs in other FLSA actions. *See Castillo v. Morales, Inc*., 2015 WL 13021899, at \*5 (S.D. Ohio Dec. 22, 2015) (Marbley, J.) (awarding $8,000 service payment to class representative in wage and hour case). Accordingly, the Court finds that the Representative Plaintiff's time and efforts support the requested service payment.

### 6. Whether the Administrator's Fee is Reasonable

Here, counsel for Plaintiffs assert that the Administrator's Fee is reasonable and that the Court should approve $22,000 as settlement administration costs for a third-party administrator to administer the settlement funds. Counsel for Plaintiffs indicate that all expenses were incurred during the course of the litigation or will be incurred during the administration of the Settlement,

including the cost of a third-party administrator. (Ex. 2, Christy Decl. at ¶ 66; Ex. 3, Fradin Decl. at ¶ 16). There are nearly 4,000 opt-in Plaintiffs who will need funds administered under the Settlement Agreement. Accordingly, the Court finds that the Administrator's Fee is reasonable.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Joint Motion for Settlement Approval. (ECF No. 91).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 8, 2020**